IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DONALD EUGENE PHILLIPS,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>STEPHEN A. WYNN,<br><br>Defendant. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:05-CV-666 TC |

Plaintiff, Donald Phillips, a prisoner in Ely, Nevada, and asserted citizen of California, has filed a *pro se* complaint that appears to try to allege possible civil rights and state law claims against Defendant Wynn, a private citizen and resident of Nevada.  In his amended complaint, Plaintiff alleges Defendant violated his federal constitutional rights by conspiring to effect Plaintiff's "fraudulent conviction" and that Defendant cheated him out of a share of an inheritance.

The Court has screened Plaintiff's complaint and concludes that it fails to state a claim upon which relief may be granted.[1]  Plaintiff has named only a private citizen as a defendant. "[T]o prevail on a § 1983 claim alleging a deprivation of constitutional rights, a plaintiff must show that he was injured as a result of state action.  Thus, private conduct, 'no matter

---

[1]*See* 28 U.S.C.S. § 1915A(b)(1) (2006).

how discriminatory or wrongful,' may not be redressed by a § 1983 claim."[2]

Still, Plaintiff alleges Defendant conspired with state actors to ensure Plaintiff's "fraudulent conviction" and apparently suggests that that makes Defendant a state actor under § 1983.  To proceed on such a theory, "'[t]he private actor must [have] wrongfully influence[d] the state's decision to prosecute through a conspiracy, or else the plaintiff must seek his remedy in a state tort claim, not a federal § 1983 suit.'"[3]  Further, "'"[w]hen a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action."'"[4]  A review of Plaintiff's filings with this Court shows only conclusory allegations of conspiracy.  Plaintiff has utterly failed to set forth any facts showing Defendant's "role or involvement in a concerted action or agreement therein."[5]  Plaintiff's allegations under the Federal Constitution are therefore dismissed for failure to state a claim upon which relief may be granted.

Next, in light of the Court's conclusion that all Plaintiff's federal claims are invalid, the Court addresses Plaintiff's claims possibly falling under state law.  "Although a district court has 'the constitutional power to exercise supplemental jurisdiction over state claims even after a

---

[2]*Read v. Klein*, No. 99-5058, 2001 WL 20818, at *5 (10th Cir. Jan. 9, 2001) (citations omitted) (unpublished).

[3]*Weaver v. Boyles*, 173 F. Supp. 2d 1333, 1342 (D. Kan. 2001) (citation omitted).

[4]*Id.* (citations omitted).

[5]*See id.*

federal claim has been dismissed,' that is only true 'provided the federal claim was not insubstantial from the outset.'"[6]  Plaintiff's federal claims were all "insubstantial," meaning they were "'obviously without merit or . . . wholly frivolous.'"[7]  The Court thus "lack[s] the power to exercise supplemental jurisdiction over the state law claims."[8]

Finally, after carefully reviewing the complaint, the Court has been unable to find any reference whatsoever to Utah, let alone any allegation that Utah is home to any party, events, omissions or property possibly involved in this case.  Thus, lack of venue supplies an alternative basis for dismissal of Plaintiff's complaint.[9]

IT IS THEREFORE ORDERED that Plaintiff's complaint is dismissed.

DATED this 2nd day of March, 2006.

BY THE COURT:

TENA CAMPBELL
United States District Judge

---

[6]*Evitt v. Durland*, No. 00-6130, 2000 WL 1750512, at *2 (10th Cir. Nov. 28, 2000) (unpublished) (quoting *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1220 (10th Cir. 2000)).

[7]*Id.* at *7 (quoting *Plott v. Griffiths*, 938 F.2d 164, 167 (10th Cir. 1991) (citation omitted)).

[8]*Id.*

[9]*See* 28 U.S.C.S. § 1391 (2006).

3